SHAW, Judge.
The 65-year-old claimant suffered a compensable injury to his back in 1977 that was subsequently diagnosed as an acute thoracic lumbar strain. The deputy commissioner found the claimant permanently totally disabled and apportioned out of the award 45% of the claimant’s over-all disability.
The claimant has worked for the present employer since 1962 and has a work history which includes farming, carpenter’s helper, truck driver and a 1973 jobvconnected injury which resulted in a compression fracture. The treating physician assigned an impairment rating of 20% to the 1977 compensable back injury and opined that because of the combined effect of the back condition, arthritis, heart problems and dizziness, the claimant is now totally incapacitated for work.
The claimant at the time of the award was permanently totally disabled with a 20% anatomical disability attributable to the 1977 accident. It can safely be assumed that the difference between the anatomical disability and the over-all disability rating reflects loss of wage earning capacity, which does not necessarily follow in the same proportion as anatomic impairment. Arcuri v. Morgan-Oswood & Associates, IRC Order 2-3207 (July 28, 1977). It was, therefore, incumbent upon the deputy to apportion out of the award only that portion of the over-all disability as was shown to be impacting upon wage earning capacity at the time of the award. Richey v. Peninsular Casket Company, IRC Order 2-3458 (June 15, 1978); Kummer v. Broward Highland Construction Corp., IRC Order 2-3025 (August 30, 1976).
The claimant was gainfully employed and maintaining an average weekly wage approximately two times the existing minimum wage prior to the 1977 injury. There is, therefore, no support in the record for the deputy’s conclusion that because of preexisting conditions he probably would have been limited to minimum wage type work, had he been forced into the open labor market. The deputy couples this erroneous finding with a determination that since the osteoarthritis, the heart problems and dizziness preexisted the back injury there must be apportionment. This fails to take into consideration that all medical impairments are not disabilities for compensation purposes. In apportioning preexisting impairments a deputy must initially determine: (1) whether there is any evidence that normal acceleration of the preexisting impairment played a part in the resulting disability; (2) was the impairment causing any disability at the time of the accident. If these two questions are answered negatively there can be no apportionment be *113 cause the resulting disability of necessity results solely from the accident or from acceleration or aggravation of the preexisting disease and is compensable. Killebrew Manufacturing Company v. Dawson, 370 So.2d 460 (Fla.1979); Dillon v. Bill’s Trailer Sales, Inc., IRC Order 2-3323 (Jan. 16, 1978). The deputy skipped this initial inquiry and concluded that because of preexisting medical conditions the claimant was unable to perform heavy labor before the 1977 accident, ergo, 45% should be apportioned out of his over-all disability. The order lacks a finding as to what part, if any, the preexisting impairments played in the resulting disability. Without such a finding the 45% apportionment lacks a basis for appellate review.
The order is accordingly reversed and the cause is remanded to. the deputy for further consideration and findings in accordance with this opinion.
ROBERT P. SMITH, Jr., and BOOTH, JJ., concur.