SHIVERS, Judge.
The claimant in this workers’ compensation case, William Smith, sustained two separate compensable industrial accidents. The first occurred in 1980, while claimant was employed by appellant, Ardmore Farms, and resulted in injury to claimant’s back and neck. The second occurred in 1984, while claimant was employed by ap-pellee, Hughes Oil Company, and resulted in injury to his right knee. On February 12, 1986, a hearing was held on Smith’s claim for wage-loss benefits from March 1, 1985 and on Appellant Ardmore’s notice of controversy between carriers and request for reimbursement pursuant to section 440.42(3). Based on medical testimony that 90% of claimant’s overall physical impairment was attributable to his 1980 back and neck injury, and 10% was due to the 1984 knee injury, the deputy commissioner made a corresponding apportionment of responsibility for wage-loss benefits between the two carriers, and stated as follows:
The undersigned finds as a matter of law that the apportionment of an injured employee’s permanent physical impairment rating between two separate work related accidents results in a corresponding apportionment of the cost of wage loss benefits between the two employers who employed the employee at the times of his two successive injuries. Deseret Ranches v. Crosby, 461 So.2d 295 (Fla. 1st DCA 1985).
Employer Ardmore Farms appeals this order, raising three arguments: (1) that the deputy erred in holding that apportionment of disability corresponds as a matter of law to apportionment of the anatomic impairment; (2) that the deputy’s order constituted an improper finding of reverse merger; and (3) that the deputy erred in failing to apply section 440.15(5). We agree with appellants’ first argument, and reverse the order on that basis.
The legal concept of disability is an incapacity to earn to which the compensa-ble accident contributed, while impairment is an anatomical or functional incapacity. The distinction between these two concepts is important. While a claimant may incur an anatomical impairment of 10% of the body as a whole, his or her loss of wage-earning capacity will not necessarily occur in the same proportion. Pridgen v. Department of Transportation, 390 So.2d 111 (Fla. 1st DCA 1980); Arcuri v. Morgan-Oswood & Associates, IRC Order 2-3207 (July 28, 1977). Likewise, apportionment of an anatomical impairment between two compensable injuries (or between a compensable injury and a preexisting condition) does not require a corresponding apportionment of liability for wage-loss benefits. Deseret Ranches v. Crosby, 461 So.2d 295 (Fla. 1st DCA 1985), cited in the order, does not require such a conclusion.
*485 The claimant in Deseret suffered a com-pensable back injury in 1980 while working for the appellant/employer, and a compen-sable neck injury in 1982 after the appellant/employer had become self-insured. The examining physician found him to have a 5% permanent impairment attributable to both injuries, but was unable to apportion the impairment between the two injuries with any degree of certainty. Based on evidence that both injuries were “troublesome” to the claimant, the deputy found the 5% impairment to be 50% attributable to each accident, and apportioned liability for benefits equally between the two carriers. In affirming that portion of the order on appeal, this court stated the following:
The apportionment of the permanent impairment rating between the two accidents and corresponding apportionment of the cost of wage-loss benefits between the two carriers is proper. A deputy may apportion any permanency a claimant has after he has attained MMI. None of the doctors who testified were able to apportion Crosby’s impairment between his two injuries with any degree of certainty, although all agreed that both accidents were clearly troublesome. A 50-50 apportionment under these circumstances seems to be a fair solution. 461 So.2d 295, 297 (citation omitted).
While the court in Deseret held that the corresponding apportionments were supported by the evidence in that case, it did not hold that apportionment of impairment and disability must correspond as a matter of law.
Accordingly, we reverse the order, and remand for the deputy to make a determination based on competent, substantial evidence as to what effect each accident had on the claimant’s capacity to earn wages. Additional evidence may be taken if determined to be necessary by the deputy.
Appellants’ remaining two arguments are without merit. First, a reverse merger occurs “when a subsequent non-related and non-compensable injury is superimposed upon a compensable condition, thereby producing disabilities greater than would be suffered as a result of each injury by itself.” Division of Risk Management v. Wilcox, 458 So.2d 1207, 1209-10 (Fla. 1st DCA 1984). A reverse merger did not occur in this case since both injuries were compensable, nor did the deputy’s order so find. Second, appellant has failed to point to any specific portion of section 440.15(5) which the deputy may have failed to consider, nor are we able to discern any.
Accordingly, the matter is hereby reversed and remanded in accordance with the above instructions.
ERVIN, J., concurs.
ZEHMER, J., specially concurs with an opinion.