UNITED STATES of America, Plaintiff–Appellee,

v.

James R. DARRELL, Defendant–Appellant.

No. 80–7102
Summary Calendar.

United States Court of Appeals, Fifth Circuit. Unit B

Nov. 5, 1980.

L. Drew Redden, John S. Tucker, Jr., Birmingham, Ala., for defendant–appellant.

Bill L. Barnett, Asst. U. S. Atty., Birmingham, Ala., for plaintiff–appellee.

Before GODBOLD, KRAVITCH and HATCHETT, Circuit Judges.

GODBOLD, Circuit Judge:

The defendant James R. Darrell was charged with violation of 18 U.S.C. § 1341, the mail fraud statute, under an indictment charging that he:

> devised and intended to devise a scheme and artifice to defraud and obtain money and the use of money by means of false and fraudulent pretenses, representations and promises from the Henderson National Bank, Huntsville, Alabama and the American National Bank, for deposit [sic–by presenting for deposit?] in the aforesaid American National Bank checks drawn on the aforesaid Henderson National Bank without first assuring there was on deposit in said bank sufficient funds to cover said checks.

It was further charged that the scheme and artifice was in substance as follows. Darrell opened a checking account at the Henderson National Bank on June 2, 1977. On June 15, 1977 he deposited in an account at the American National Bank (also located in Huntsville) a check drawn on the Henderson Bank account in the sum of $11,015, knowing that there were unsufficient funds on hand in the Henderson Bank account to pay the check. For the purpose of executing the scheme Darrell mailed a letter to American National on or about June 15, 1977.

At trial the defendant properly moved for a judgment of acquittal. The motion should have been granted, and we must reverse the conviction because there was a total absence of evidence that this defendant had any connection with the mailing of the single letter involved or with any other of the activities alleged and proved.

The entire testimony was given by four bank officials. Darrell did not take the stand or offer any evidence. The evidence entitled the jury to infer the following:

In March, 1977 an account was opened in the American National Bank in the name of Cahaba Real Estate and Investment Co., with the only authorized signature "James R. Darrell." The first and only deposit was $300, and $200 of this was a check, later returned for insufficient funds. During the brief life of this account a few checks were written on it, and most of them returned for insufficient funds, including a check dated March 24 for $11,000 payable to Redstone Federal Credit Union. On March 25 a check to cash was drawn over the signature of "James R. Darrell" which brought the balance to zero, and the bank closed the account.

On June 3, 1977 an account was opened in the Henderson National Bank in the name of Sun Valley Agency Realtors; the application showed four persons as officers or partners, one being "J. Darrell." There was a notation that signature cards were to follow, and a temporary signature card was signed "J. Darrell."

An officer of American National testified that around June 11 "Mr. Darrell" telephoned him, and asked that the Cahaba Real Estate account be re–opened for the purpose of a single transaction. This person told the officer that he would send to American National a check drawn on Henderson National and that American National should present it to Henderson and get it cashed. "Mr. Darrell" represented that there would be funds in Henderson National to cover the check drawn on it.[1]

---

1. The testimony describing this conversation did not include information as to what American National was to do with the cash received from presenting the Henderson National Bank check to that bank for payment.

A day or two later the American National officer received a letter signed "James R. Darrell" on a typed letterhead showing the name "James R. Darrell" and a Huntsville address. The letter referred to account number 2350211, which was the number of the Cahaba Real Estate account. Enclosed was a check drawn on Henderson National for $11,015, on the signature "James R. Darrell," and payable to "Jas. R. Darrell." (The name "Sun Valley Agency Realtors" did not appear on the check.) The letter said: "This check now . . . is specifically for a check made payable to Redstone Federal Credit Union in the amount of $11,000. This check was originally issued to them some time ago." It stated that the $15 was a service charge for American National's handling this transaction and that this would be the final transaction of any kind facilitated through American National. The enclosed check was endorsed "Jas. R. Darrell," for deposit only in American National in account number 2350211.

The check was not deposited. Instead the officer handcarried it to Henderson National to see if it was good and to get cash for it if it was. There was only $19 in the Henderson National account, so the officer hand-stamped the check "insufficient funds" and gave it back to the American National officer.

No bank suffered any loss in these transactions. Possibly it could be found that the letter of June 15 was mailed as part of a clumsy, botched and unsuccessful scheme to get Henderson National or American National, or both, to put out funds that would be used to cover the NSF check previously written to Redstone Credit Union. But no evidence connected this defendant with the mailing of the letter and no evidence or attention was ever directed to whether the signature on it was in his handwriting. There is no evidence that the defendant is the person who opened the Cahaba Real Estate account or the account in Henderson National. There is no evidence that he signed any check drawn on the American National account, including the check to

Redstone Credit Union. No evidence was introduced identifying him as the person who made the telephone call to the American National officer. The signature for the Sun Valley account in the Henderson records and the signature on the $11,015 check drawn on that account were never identified as signatures of the defendant. Neither the address on the typed letterhead, nor the address of Cahaba Realty, nor the address of Sun Valley Agency, was connected up in any way with the defendant. In short, a jury could infer that the foregoing transactions occurred and that someone using the same name as the defendant participated in them. Neither oral testimony nor documentary evidence identified the defendant as this person.

■ The government's brief ignored this issue and with respect to each relevant instance and document merely stated as unvarnished fact that "the defendant" did it, said it or signed it. The court called for a supplemental brief from the government on this issue. The gist of it is an argument that there was only one defendant and that the jury could infer that the person seated at the counsel table with defense counsel was one and the same person as the person referred to in oral and documentary evidence as Mr. Darrell. It is true, of course, that a witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime. *Delegal v. U. S.*, 329 F.2d 494 (5th Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 44, 13 L.Ed.2d 32 (1964); *Griffin v. U. S.*, 329 F.2d 495 (5th Cir.), *cert. denied*, 379 U.S. 822, 85 S.Ct. 44, 13 L.Ed.2d 32 (1964). The opinion in neither of these two decisions says what the evidence was that permitted the inference. In the present case there is no evidence justifying such an inference.

The conviction is REVERSED with directions to enter a judgment of acquittal.