**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John WEED, Defendant-Appellant.**

**No. 82–1035.**

United States Court of Appeals,
Seventh Circuit.

Argued June 1, 1982.
Decided Sept. 28, 1982.

---

Charles W. Nixon, Chicago, Ill., for defendant-appellant.

Alan N. Grossman, Asst. U. S. Atty., Chicago, Ill., Dan K. Webb, U. S. Atty., for plaintiff-appellee.

Before CUDAHY, Circuit Judge, COFFEY, Circuit Judge, and GRANT,* Senior District Judge.

GRANT, Senior District Judge.

Defendant-Appellant John Weed was convicted after a bench trial of willfully and knowingly making false, fictitious and fraudulent statements in a Customs declaration in violation of 18 U.S.C. § 1001. In this appeal, he raises the issue whether the evidence was sufficient to support a finding of an in-court identification of the defendant as the person charged with the illegal activity when no direct identification occurred at trial. Under the circumstances of this case, we find there was sufficient evidence to infer an identity of the defendant.

I.

John Weed and his brother Leonard Weed entered this country on December 22,

* The Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, sitting by designation.

1977, at O'Hare International Airport after a flight from Germany. John Weed, a United States citizen, had lived and worked in Germany for sixteen years after his discharge from the Army. In order to enter this country from overseas, it is necessary to pass through the United States Immigration and Customs facilities to obtain clearance of passport and luggage. Weed presented to Customs Inspector David A. Gooding his completed and signed Customs Declaration form on which he had responded "no" to question 10, i.e., that neither he nor anyone in his party was carrying over $5,000 in coin, currency or monetary instruments. The Declaration contained a printed warning near the bottom of the form, below the signature line, indicating that "False Statements Made To A Customs Officer Are Punishable By Law. Consult 'U.S. Customs Hints' and your inspector for full information." (Customs Form 6059–5 (8-23-74), Government Exhibit 1).

A subsequent interview and search of John Weed's person and luggage, while still at the Customs inspection area, uncovered 42,730 Deutshemarks (the stipulated rate of exchange was .45 Deutshemarks per U.S. dollar or $19,228.50) and $8,615 U.S. dollars in his possession. Leonard Weed was also stopped by Customs agents. $39,980 in U.S. dollars was found hidden in Leonard Weed's luggage. Statements made by John Weed to Customs agents indicated that Leonard was carrying the cash for him and that he, John Weed, had not declared the cash because he thought it would be seized by the government. John Weed was indicted on February 16, 1979.[1]

On October 26 and 27, 1981, a bench trial was held. During the Government's presentation of the evidence, three Customs agents testified regarding statements that had been made by Weed on December 22, 1977, and also regarding the search of Weed's luggage. At no time was any witness questioned whether the John Weed that was stopped in December, 1977, was the same person as John Weed, the defendant in this case. However, both the prosecution and defense counsels interspersed references to "John Weed" with references to "the defendant." At no time was there an objection by defense counsel to references by the witnesses to the John Weed involved in the events of December 22, 1977, as the defendant nor to the prosecutor's references to the defendant as that John Weed.

At the conclusion of the evidence, defense counsel made a Motion for judgment of acquittal. The trial court instructed defense counsel to argue his motion and closing arguments at the same time. Defense counsel argued in closing, at length, that Weed did not have the mental intent necessary for the offense, that the term "currency" was vague, and that there was inadequate notice of the currency regulation. On conclusion in one sentence, defense counsel stated: "None of the evidence in this case, by the way, as far as I can see, applies to the defendant here." (Tr. 151). Upon rebuttal, defense counsel stated: "Your Honor, I would only indicate that I did not see where and how the evidence applies to John Weed and I still move for a directed judgment of acquittal or for a finding of not guilty." (Tr. 161). The defendant John Weed was found guilty by the trial court. It is from this conviction that he appeals. For the reasons that follow, we affirm the conviction.

## II.

■ Generally an in-court identification of the accused is an essential element in the establishment of guilt beyond a reasonable doubt. 29 Am.Jur.2d *Evidence* § 367 (1967); 1 Underhill, Criminal Evidence § 125 (6th ed. 1973). However, identification can be inferred from all the facts and circumstances that are in evidence. *Dele-*

---

1. A complaint was filed with the Magistrate on December 23, 1977, and an arrest warrant issued. Weed made his initial appearance, and a court appointed counsel represented him at a bond hearing. He was released on his own recognizance bond and permitted to return to Germany. He was indicted in February, 1979 but did not return to the jurisdiction until August, 1981.

*gal v. United States,* 329 F.2d 494 (5th Cir.), *cert. denied,* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Griffin v. United States,* 329 F.2d 495 (5th Cir.), *cert. denied,* 379 U.S. 822, 85 S.Ct. 44, 13 L.Ed.2d 32 (1964).

Several courts have considered the issue of failure of in-court identification though the issue has not been previously raised in this Circuit. In *Butler v. United States,* 317 F.2d 249 (8th Cir.), *cert. denied,* 375 U.S. 836, 84 S.Ct. 67, 11 L.Ed.2d 65 (1963), the defendants raised for the first time on appeal the failure of any witness to identify those persons named in the indictment with the defendants on trial. The Eighth Circuit found significant that at no time "... from and including the arraignment of those appellants to and including the pronouncement of judgment and imposition of sentences was the question of identity made an issue." *Id.* at 254. The Court found it inconceivable that the defendants would submit themselves to a lengthy trial "... if they had sincerely and in good faith believed they were being tried for an offense with which they were completely disassociated." *Id.* The *Butler* court found under all the facts and circumstances of the case, including the defense offered by the defendants, the conclusion was compelled that the defendants had admitted their identity.

In *United States v. Fenster,* 449 F.Supp. 435 (E.D.Mich.1978), the defense counsel on closing argument clearly brought to the attention of the court the failure of the government to adequately establish the identity of the defendant as the David Fenster to whom the evidence related. The district court refused to apply specifically the *Butler* holding because of its inconsistency with Fifth Amendment privilege against self-incrimination. The court stated that:

> Nonetheless, however faulty may have been the *Butler* court's *application* of the principle that identity need not be proved by direct, in-court identification but may properly be inferred from the totality of the evidence and the course of the trial proceedings, the validity and vitality of that principle endure. While the Court

may not and does not take into account the fact that defendant did not take the stand and that at no point up to closing argument did the question of identification appear to be contested, it is satisfied that other circumstances brought out at trial have great bearing on the question. 449 F.Supp. at 441, (emphasis in the original). The district court found that the failure of any of the witnesses to point out that the wrong man had been brought to trial was eloquent and sufficient proof of identity. To maintain absolute certainty, the district court permitted the government to reopen its case. *See also Rodriquez v. United States,* 292 F.2d 709 (5th Cir. 1961) (appellant contended that the government failed to show that the person described in the judgment of conviction offered into evidence was the same person as appellant. The court found the failure to object to the offers of the prior conviction record and birth certificate of *"this defendant"* was sufficient for identity.)

Weed argues that *United States v. Darrell,* 629 F.2d 1089 (5th Cir. 1980) supports his position that an in-court identification is required. The *Darrell* case involved mail fraud. In the presentation of the evidence, there was a complete lack of identification of the defendant as the maker of the bad checks or the owner of the disputed accounts. The court held that there was neither oral testimony nor documentary evidence which identified the defendant as the person who committed the crime. However, the *Darrell* court did hold that "a witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." *Id.* at 1091.

In this case, three Customs agents testified regarding the events of the evening of December 22, 1977 and the statements made by Weed. None of these witnesses during the bench trial noted that the defendant was not the same John Weed stopped in 1977. Both the prosecution and defense counsel referred to the defendant at trial as the John Weed involved in the

December, 1977 events. At no time did defense counsel object to the prosecution's references to "the defendant." Appellate counsel, who was also defense counsel, admitted at oral argument to this Court that he realized no identification had been made during the testimony of the third witness, yet he still did not object to references to the defendant. Objections to evidence must be timely made in order to afford the trial judge and opposing counsel an opportunity to take corrective action and assure an orderly, fair and proper trial. *United States v. Hubbard,* 603 F.2d 137, 142 (10th Cir. 1979); *United States v. Kopel,* 552 F.2d 1265 (7th Cir.), *cert. denied,* 434 U.S. 970, 98 S.Ct. 520, 54 L.Ed.2d 459 (1977). Silence can only be seen as a waiver of an objection which cannot be resurrected upon appeal unless it is plain error within Fed.R.Crim.P. 52(b). The Court does not find the plain error doctrine applicable here. *United States v. Allain,* 671 F.2d 248 (7th Cir. 1982); *United States v. Spears,* 671 F.2d 991 (7th Cir. 1982); *United States v. Gulley,* 404 F.2d 534 (7th Cir. 1968). Thus, this Court will consider the evidence at trial and all the inferences therefrom.

■ The Government argues that the issue of in-court identification was not raised in the trial court and thus not preserved for appeal. Weed contends, however, that defense counsel's broad statements on closing argument, i.e., "None of the evidence in this case, ..., applies to the defendant here" and "... I did not see where and how the evidence applies to John Weed ...," refer to the lack of identification and support his Motion for judgment of acquittal pursuant to Fed.R.Crim.P. 29(a). This Court held in *United States v. Jones,* 174 F.2d 746, 748 (7th Cir. 1949), that a motion for acquittal "is a challenge to the Government in the presence of the court that the Government has failed in its proof" and that "[t]he motion is not required by the rules to be in writing or to specify the grounds therefor." Thus, the failure of defense counsel to clearly inform the trial court of the failure to make an identification cannot be considered a waiver of error on appeal.

■ The standard of appellate review of a Motion for acquittal is the same standard applied by the trial court. *United States v. Leal,* 509 F.2d 122, 125 (9th Cir. 1975); *United States v. Rojas,* 554 F.2d 938, 943 n.12 (9th Cir. 1977). The district court must view the evidence in the light most favorable to the Government. *Glasser v. United States,* 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Velasco,* 471 F.2d 112, 115 (7th Cir. 1972). This applies to a case tried to a judge as well as a jury. *United States v. Feinberg,* 535 F.2d 1004, 1008 (7th Cir.), *cert. denied,* 429 U.S. 929, 97 S.Ct. 337, 50 L.Ed.2d 300 (1976), quoting *United States v. De Niro,* 392 F.2d 753, 756 (6th Cir.), *cert. denied,* 393 U.S. 826, 89 S.Ct. 89, 21 L.Ed.2d 97 (1968).

Recently, in *United States v. Beck,* 615 F.2d 441, 448 (7th Cir. 1980), this Court repeated the criterion to be applied to the evidence in a motion for judgment of acquittal:

The test that the court must use is whether at the time of the motion there was relevant evidence from which the jury could reasonably find [the defendant] guilty beyond a reasonable doubt.

quoting *United States v. Blasco,* 581 F.2d 681, 684 (7th Cir.), *cert. denied,* 439 U.S. 966, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978). The *Beck* court also referred to the test developed by the Fifth Circuit as outlined in *United States v. Fearn,* 589 F.2d 1316, 1321 (7th Cir. 1978):

In the Fifth Circuit a slightly more precise, but equivalent, test has been developed. There the test of the sufficiency of proof on a motion for judgment of acquittal or review of the denial of such a motion, is whether the jury might reasonably conclude that the evidence is inconsistent with the hypothesis of the defendant's innocence. *United States v. Lonsdale,* 577 F.2d 923, 925 (5th Cir. 1978). Another way of expressing the same rule is that the motion for judgment of acquittal must be granted when the evidence, viewed in the light most favorable to the government, is so scant that the jury could only speculate as to the de-

fendant's guilt, *United States v. Herberman*, 583 F.2d 222 (5th Cir. 1978), and is such that a reasonably-minded jury must have a reasonable doubt as to the defendant's guilt. *United States v. Stephenson*, 474 F.2d 1353, 1355 (5th Cir. 1973). (footnote omitted).

 Reviewing all the non-objected to evidence and inferences therefrom, in light of either standard set forth above, there was sufficient evidence for the trial court to find the defendant guilty beyond a reasonable doubt. The decision of the trial court was not clearly erroneous. Fed.R.Civ.P. 52(a). The conviction is AFFIRMED.