**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Marvin COOPER, Defendant-Appellant.**

**No. 83–5411.**

United States Circuit Court,
Eleventh Circuit.

May 29, 1984.

Fine, Jacobson, Block, Klein, Colan & Simon, P.A., Irwin J. Block, Miami, Fla., for defendant-appellant.

Stanley Marcus, U.S. Atty., Stephen Le-Clair, Richard K. Harris, Linda Collins

Hertz, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before RONEY and JOHNSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

In February of 1982, appellant Marvin Cooper was indicted along with 22 co-defendants on charges of conspiracy to import and possess marijuana in violation of 21 U.S.C. §§ 952(a) and 841(a)(1). Trial began in June. Cooper moved for a judgment of acquittal at the end of the government's case, but the motion was denied. The jury subsequently was unable to reach a unanimous verdict with regard to Cooper, and the trial judge declared a mistrial after denying a renewed motion for judgment of acquittal. Cooper was convicted at a second trial in April of 1983. In this appeal he argues that the trial court erroneously denied the motions for judgment of acquittal at the first trial, and therefore the second trial was barred by the double jeopardy clause of the Constitution. *See generally Justices of Boston Municipal Court v. Lydon,* — U.S. —, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984); *U.S. v. Wilkinson,* 601 F.2d 791 (5th Cir.1979). Cooper's attorney conceded at oral argument that the evidence presented in the second trial was sufficient to sustain a conviction. After a careful review of the record, we affirm.

"We must sustain the denial of a motion for a judgment of acquittal if a reasonable jury might decide that the evidence, examined in the light most favorable to the government, is inconsistent with every reasonable theory of the defendant's innocence." *U.S. v. Wilkinson,* 601 F.2d at 795; *U.S. v. Fredericks,* 586 F.2d 470 (5th Cir.1978), *cert. denied* 440 U.S. 962, 99 S.Ct. 1507, 59 L.Ed.2d 776 (1979). The government's evidence in appellant's first trial clearly established that someone by the name of Marvin Cooper was a participant in the large-scale conspiracies alleged in the indictment. Several eyewitnesses testified that a Marvin Cooper was involved with the other defendants in transporting marijuana out of the Bahamas and Bimini. The fatal flaw in this evidence, according to appellant, is that the prosecution failed to establish he was the same Marvin Cooper connected with the criminal enterprise since none of the eyewitnesses identified him in the courtroom. We disagree.

Identification of a defendant can be established by inference and circumstantial evidence. *U.S. v. Fern,* 696 F.2d 1269 (11th Cir.1983); *U.S. v. Quimby,* 636 F.2d 86 (5th Cir.1981); *Delegal v. U.S.,* 329 F.2d 494 (5th Cir.), *cert. denied* 379 U.S. 821, 85 S.Ct. 44, 13 L.Ed.2d 32 (1964). At Cooper's first trial, FBI Agent Pedro Rubio testified that he interviewed appellant Cooper several times during the course of the government's investigation into the conspiracy. He stated that Cooper at one time admitted involvement with marijuana smuggling and inquired into the possibility of pleading guilty on one count of importation in order to avoid additional criminal exposure. According to Rubio's testimony, Cooper was aware that the government's investigation related to the activities of all the co-defendants. Record at 2166–67, 2181. Thus, appellant Cooper knew that the government's investigation concerned a criminal enterprise involving the other co-defendants when he conceded participation in a marijuana smuggling operation. We believe this evidence was minimally sufficient to identify appellant Cooper as the same Marvin Cooper who was shown to be a participant in the conspiracy.

For the above reasons, we find that the evidence at appellant's first trial, when examined in the light most favorable to the government, would have supported a conviction. *Cf. U.S. v. Darrell,* 629 F.2d 1089 (5th Cir.1980) (where the prosecution failed to put forth any evidence supporting an inference that the defendant was a participant in the crime). Accordingly, the trial judge did not err in denying the motions for judgment of acquittal, and Cooper's second trial was not violative of the double jeopardy clause.

AFFIRMED.