**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Richard O. REB'LL, Defendant–Appellant.**

No. 88–1103.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 1989.*

Decided June 26, 1989.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Craig H. Nakamura, Asst. U.S. Atty., Honolulu, Hawaii, for plaintiff-appellee.

Before KILKENNY, WIGGINS and NOONAN, Circuit Judges.

## OPINION

WIGGINS, Circuit Judge:

Richard O. Reb'll was convicted by a jury of embezzling more than $100 from the United States in violation of 18 U.S.C. § 641 (1982). He appeals to this court, asserting that (1) his motion for a judgment of acquittal was improperly denied; (2) there was insufficient evidence to support a finding of a property loss required by section 641; and (3) it was plain error to admit into evidence certain videotapes. We have jurisdiction, 28 U.S.C. § 1291 (1982), and affirm.

### I

Reb'll was employed as a bartender at the Wheeler Air Force Base Noncommissioned Officer's Club in Hawaii. He was accused of embezzling more than $100 from the club during the period of his employment.

At the close of the government's case, Reb'll moved for acquittal under Fed.R. Crim.P. 29(a) on the ground that insufficient evidence of his identification as the perpetrator of the crime had been produced. The District Court denied the motion.

We review the trial court's ruling on a motion for judgment of acquittal to determine whether, viewing the evidence in the light most favorable to the government, there was sufficient evidence for a reasonable jury to find each element of the crime beyond a reasonable doubt. *See United States v. Toomey,* 764 F.2d 678, 680 (9th Cir.1985), *cert. denied,* 474 U.S. 1069, 106 S.Ct. 828, 88 L.Ed.2d 799 (1986).

The identity of the defendant as the perpetrator of the offense alleged is without question an element in every criminal case that must be proved beyond a reason-

Lanie Rae Suiso Garcia, Asst. Federal Public Defender, Honolulu, Hawaii, for defendant-appellant.

able doubt. *United States v. Weed*, 689 F.2d 752, 754 (7th Cir.1982). In most cases this element is satisfied by witnesses pointing to the defendant in court as the one who committed the acts charged against him. But courtroom identification is not the only means of establishing this critical fact. "Courtroom identification is not necessary when the evidence is sufficient to permit the inference that the defendant on trial is the person who [committed the acts charged]." *United States v. Hoelscher*, 764 F.2d 491, 496 (8th Cir.1985) (quoting *United States v. Fern*, 696 F.2d 1269, 1276 (11th Cir.1983)); *accord Weed*, 689 F.2d at 754–55 ("identification can be inferred from all the facts and circumstances that are in evidence"); *United States v. Darrell*, 629 F.2d 1089, 1091 (5th Cir.1980) ("a witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime").

■ Although no witness pointed to the defendant in the courtroom as the one who committed the crime, the evidence leaves no doubt that Reb'll was the person accused. In his opening statement, Reb'll's counsel acknowledged that the person seated at the counsel table, defendant Reb'll, was the person charged. During the trial, a number of witnesses acknowledged that Reb'll was the person about whom they testified. A written confession was introduced into evidence. The agent who obtained the confession identified Reb'll as the person who made it.

The foregoing evidence was not disputed. No claim of mistaken identity or alibi was offered by Reb'll. Under these circumstances, we hold that Reb'll was sufficiently identified as the perpetrator of the crime. No reasonable jury could have concluded otherwise. The District Court accordingly did not err in denying Reb'll's motion for acquittal.

## II

■ Reb'll contends that there was insufficient evidence to sustain the jury's verdict as to property loss exceeding $100.

Section 641 requires that property having a value of $100 or more be taken from the United States. *United States v. Gibbs*, 704 F.2d 464, 465 (9th Cir.1983).

There was ample evidence for the jury to conclude that Reb'll, on more than one occasion, confiscated more than $100 from the cash register. On these occasions, however, it was Reb'll's practice to record "no sale" on the register. Accordingly, at the end of the day, his register was in balance—funds were on hand equivalent to the "sales" recorded during the day. From this record of a balance of the cash on hand and the total sales, Reb'll argues that the evidence does not support the required showing that property in excess of $100 was taken from the Club.

Reb'll's argument is obviously futile. The "no sale" method of covering up thefts from a cash register is as old as the machine itself. Moreover, Reb'll admitted using this scheme to cover up thefts averaging $20 per night.

■ It is impermissible to aggregate the value of individual thefts of less than $100 in order to achieve the statutory standard for a felony conviction. *See United States v. DiGilio*, 538 F.2d 972, 980 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749 (1977). A video tape admitted in evidence showed Reb'll taking seven $20 bills from the cash register, folding them in his right hand, walking away from the register and coming back without the bills. Coupled with Reb'll's confession as to his practice of embezzling, the video tape was sufficient evidence of a single theft of $140.00.

We conclude that the evidence was clearly sufficient to permit a jury to find, beyond a reasonable doubt, that the government had suffered losses exceeding $100 in value.

## III

Finally, Reb'll assigns as plain error the admission into evidence of a videotape recording showing him at work behind the bar. He maintains that the tape was inadmissible because the government asserted-

ly failed to lay an adequate foundation that the figure on the tape was in fact the defendant, and that the quality of the tapes was so poor as to be useless as evidence. He asserts that the admission of the tape was prejudicial to his defense.

Normally we would not consider on appeal a ruling on the admissibility of evidence where no contemporaneous objection is made at the trial. The exception to the rule however is where plain error is shown. Plain error exists if the evidence was inadmissible and its admission affected the outcome and the defendant's right to a fair trial. *United States v. Houser,* 804 F.2d 565, 570 (9th Cir.1986).

■ We consider first Reb'll's claim of an inadequate foundation. His assertion that he was not identified as the person depicted on the videotape is unavailing. The person who supervised the taking of the pictures, Mike Fink, specifically named Reb'll as the person shown on the tapes admitted into evidence. His evidence meets the requirement of Fed.R.Evid. 901(a), and a foundation for the admission of the tapes was established.

■ Reb'll's assertion that the tapes were of such poor quality as to be valueless as evidence goes to the weight such tapes may have as evidence, not to their admissibility. Of course, a tape that is so imperfect as to hide the identity of the persons and places shown may not qualify as evidence at all, but the tape here is not so indistinct as to be void of all evidentiary value. Moreover, Reb'll's counsel admitted to the jury that the tapes were of the defendant at work.

Reb'll's final claim of prejudice is likewise unavailing. To be sure, the videotape severely prejudiced Reb'll's defense. That was its purpose. But it is not the fact of prejudice that weighs against the admissibility of evidence; it is the fact of *undue or unfair* prejudice. *Kealohapauole v. Shimoda,* 800 F.2d 1463, 1465–66 (9th Cir. 1986), *cert. denied,* 479 U.S. 1068, 107 S.Ct. 958, 93 L.Ed.2d 1006 (1987). The tape in question here was in no respect misleading.

Under these circumstances, we hold that the admission of the videotape was not plain error. In fact, we conclude that the admission of the tape in evidence was not erroneous at all.

## IV

The judgment of the district court is AFFIRMED.