### UNITED STATES

v.

**Alejandro BRITO, a.k.a. "Adancito"**

**No. 00–CR–10172–NG.**

United States District Court,
D. Massachusetts.

June 21, 2000.

Sheila W. Sawyer, Assistant U.S. Attorney, United States Attorney's Office, Boston, MA, for Plaintiff United States.

Jeffrey Denner, Lane, Altman & Owens, Boston, MA, for Defendant Brito.

### ORDER ON DEFENDANT'S MOTION FOR RELEASE BASED ON LACK OF IDENTIFICAITON

ALEXANDER, United States Magistrate Judge.

The defendant, Alejandro Brito, was indicted in May 2000 for violation of 21 U.S.C. § 846 (conspiracy to possess with intent to distribute cocaine), as a part of a

multi-defendant case. He appeared before this Court on June 5, 2000, for a detention hearing. Attorney Jeffrey Denner represented the defendant, and Assistant United States Attorney Sheila Sawyer appeared on behalf of the Government. The defendant has now filed a motion for release based on lack of identification by the Government.

## I. Background to Motion

At the conclusion of the detention hearing, the defendant moved for release based on the alleged failure of the Government to directly identify him in court as the individual named in the indictment. The Government did not dispute that it failed to directly identify the defendant but argued that identification was implied by the cumulative evidence it presented in favor of detention. The Court ordered counsel to prepare written memoranda on the issue.

## II. Defendant's Motion and Response

Attempting to catch butterflies without a net, both parties have failed to cite a single case in support of their respective positions.[1] The defendant contends that the Court should transmogrify failure of identification as "a failure of the government to prove, by either a preponderance of the evidence for 'flight risk' or by clear and convincing evidence for risk of 'continuing danger,' an essential element of the release/detention calculus." Defendant's Memorandum in Support of Motion for Release ("D.'s Memo.")

In response, the Government concedes that Special Agent John Grella, who testified on its behalf during the detention hearing, never specifically pointed to the defendant in the courtroom as the individual named in the indictment, but asserts by three arguments that the defendant's motion for release "is frivolous and should be summarily rejected." Government's

Response to Defendant's Memorandum, at 4. First, the return of an indictment "fair upon its face" establishes probable cause that the defendant named therein committed the crime charged. Second, despite Agent Grella's extensive and unequivocal testimony during the hearing about the defendant's role in the alleged drug conspiracy and the evidence against him, defense counsel never cross-examined the agent about the testimony or about the defendant's identity. The Government contends that therefore the Court should credit the evidence offered as implicitly identifying the defendant.

## III. Analysis

As evinced by the lack of legal citation in both parties' memoranda, case law on the issue of identification of a defendant during a pretrial detention or release hearing appears to be as rare as hen's teeth. Hence, the issue before the Court is one of first impression at least in this circuit, if not beyond.

■ Despite the dearth of case law on this specific issue, there is a substantial body of federal decisions addressing the government's failure to identify the defendant during trial. Identification of the defendant as the person who committed the crime charged is an essential element of the government's case that must be shown beyond a reasonable doubt. *See United States v. Green*, 757 F.2d 116, 119 (7th Cir.1985); *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir.), *cert. denied*, 516 U.S. 878, 116 S.Ct. 210, 133 L.Ed.2d 142 (1995). However, the circuits are uniform in holding that specific incourt identification by a witness is not necessarily required. *See United States v. Doherty*, 867 F.2d 47, 67 (1st Cir.), *cert. denied*, 492 US. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989); *United States v. Morrow*, 925 F.2d 779, 781 (4th Cir.1991);

---

1. The Government cited one district court case for its proposition that establishment of probable cause creates a statutory presumption in favor of detention, which is at most only tangentially related to the precise question of whether identification of the defendant can be implied from the evidence, as it asserts.

*Delegal v. United States,* 329 F.2d 494, 494 (5th Cir.1964), *cert. denied,* 379 U.S. 821, 85 S.Ct. 44, 13 L.Ed.2d 32 (1964); *United States v. Green,* 757 F.2d at 119; *United States v. Capozzi,* 883 F.2d 608, 617 (8th Cir.1989), *cert. denied,* 495 U.S. 918, 110 S.Ct. 1947, 109 L.Ed.2d 310 (1990); *United States v. Alexander,* 48 F.3d at 1490; *United States v. Cooper,* 733 F.2d 91, 92 (11th Cir.1984). "[I]dentification can be inferred from all the facts and circumstances that are in evidence." *United States v. Weed,* 689 F.2d 752, 754 (7th Cir.1982).

For example, the First Circuit found sufficient evidence to support an inference of identification when the defendant had the same name as the person charged in the indictment, made stipulations that were discussed by witnesses on the stand, and was seen and referred to in the courtroom as the person charged, by the witnesses who did not deny his identity. *See Doherty,* 867 F.2d at 67. Similarly, the Court of Appeals for the Eleventh Circuit found that identity could be inferred from the testimony of a government agent who had interviewed the defendant several times and testified to the defendant's statements. *See Cooper,* 733 F.2d at 92. Evidence may also be sufficient where the defendant's attorney himself identifies his client at trial or where all the witnesses fail to point out that the wrong man has been brought to trial. *See Alexander,* 48 F.3d at 1490.

■ To be sure, the context of this case is different from the context of the cases cited—the issue of non-identification here arose during a pretrial detention hearing. It is significant, however, that all of the circuit courts addressing the issue in the context of trial have found that identification of the defendant can be accomplished "beyond a reasonable doubt" by inference and circumstantial evidence. If indirect evidence is sufficient to satisfy this high standard of proof, the highest applied in our legal system, then surely it is more than adequate to satisfy the lesser stan-

dards of "clear and convincing" and "preponderance." *Cf. Addington v. Texas,* 441 U.S. 418, 423–24, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323, 329 (1979) (discussing standards of proof with "beyond a reasonable doubt" as most onerous on the state, "preponderance" as least onerous, and "clear and convincing" as intermediary).

In this case, the defendant filed a "Memorandum in Support of Pre–Trial Release" on May 31, 2000, in which he referred to himself as the "Alejandro Brito" named in the indictment and acknowledged that his address was 15 Wilson Street in Revere, Massachusetts, the same residence searched pursuant to a lawful search warrant on May 18, 2000, in this case. Moreover, he admitted to surrendering three hundred thousand dollars ($300,000) to government agents during the course of the search, money that Agent Grella subsequently testified was indeed seized by federal agents during a search of the defendant's residence. The defendant also included with his memorandum a number of letters from relatives and friends, attesting to his "good character," but not one letter claimed that the defendant was not the individual charged in the indictment.

At the detention hearing, Agent Grella testified in lengthy detail about the role of the defendant in the alleged drug conspiracy as well as some of the important evidence against him. Agent Grella also described several telephone conversations between the defendant and the head of the conspiracy, co-defendant Freddy Martinez, which were lawfully intercepted through electronic surveillance during the investigation. Finally, Agent Grella testified about the defendant's current immigration status in the United States, and the Government introduced documents from defendant's file at the Immigration and Naturalization Service, including false documents bearing the defendant's photograph. At no time did Agent Grella, who saw the defendant seated in the courtroom with his attorney and heard him referred to as the Brito charged in the indictment,

indicate that the defendant was the wrong person.

To avoid future Trojanesque quarrels such as the instant case, the better practice during a pretrial detention hearing is for the Government to offer a witness who specifically points out the defendant in court as the person charged in the indictment. *See Delegal,* 329 F.2d at 494. If such identification is inadvertently omitted, the Government may move to re-open the hearing as soon as the omission is realized in order to remedy the error. *See, e.g., Green,* 757 F.2d at 119; *Shaw,* 555 F.2d at 1301 (motion to re-open subject to trial court's discretion). While not required by law, physically pointing out the defendant in court eliminates any uncertainty as to whether the defendant has been properly identified, removing a potential golden apple of discord between the parties and conserving judicial resources that would otherwise be spent resolving the uncertainty.

Notwithstanding the Government's failure to adhere to the recommended practice, in view of the circumstances and evidence proffered, there is more than sufficient evidence from which to infer, under either a "preponderance" or "clear and convincing" standard, that the defendant who appeared for a detention hearing before this Court on June 5, 2000, is the Alejandro Brito, a.k.a "Andancito," named in the indictment. The case law on identification during trial provides ample support for this conclusion.[2] The defendant acknowledged specific facts that pertained to him, including name, residence, and seizure of evidence, which were subsequently confirmed by witness testimony as relating to the person named in the indictment. Furthermore, neither the detention hearing witness nor the letters in support of defendant's release questioned the defendant's identity

as the person charged in the indictment. The Court finds that these circumstances perspicuously identify the defendant as the individual charged in the indictment. The golden apple, therefore, will cause no war on this occasion, and the defendant's motion for release based on lack of identification is hereby DENIED.

SO ORDERED.

---

**2.** The defendant contends that "[w]ere this a trial on the merits, [he] would routinely be seeking a directed verdict." D.'s Memo. As the Court's exposition of the relevant case law shows, however, were this a trial on the mer-

its, the defendant's objections to lack of identification would be highly unlikely to prevail in light of the weight of the evidence presented by the Government.