[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15358
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 19, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:10-cr-00039-RS-LB-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PASCUAL MONTOR-TORRES,
a.k.a. Toloche,
a.k.a. Cacheton,
a.k.a. Pasqual Montor-Torres,

Defendant-Appellant.

_____

No. 10-15461
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cr-00039-RS-LB-4

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,


                                versus


JOSE BARAJAS,
a.k.a. Tortugo,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Florida
_____

(December 19, 2011)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Pascual Montor-Torres appeals his conviction and sentence for conspiracy to distribute and possess with the intent to distribute more than five kilograms of a mixture and substance containing cocaine. Jose Barajas appeals his sentence for conspiracy to distribute and possess with the intent to distribute more than five kilograms of a mixture and substance containing cocaine, and for distribution and possession with the intent to distribute more than 500 grams of a mixture and substance containing cocaine. On appeal, Montor-Torres argues the district court

erred by (1) admitting translated transcripts of Spanish wiretapped phone calls, (2) denying his motion for a judgment of acquittal, (3) denying his motion for a mistrial, and (4) sentencing him based upon the quantity of drugs found by the jury. Barajas argues the district court erred by failing to grant (1) an acceptance of responsibility reduction pursuant to U.S.S.G. § 3E1.1, and (2) a minimal role reduction pursuant to U.S.S.G. § 3B1.2. We address each issue in turn, and affirm Montor-Torres's conviction and Montor-Torres's and Barajas's sentences.

I.

Montor-Torres first argues the district court erred by admitting transcripts of the wiretap recordings, translated in English, as substantive evidence. He claims the court erred by not contemporaneously playing the recordings because the jury was unable to detect changes in voice modulation, note any hesitancies, or consider other characteristics which might add meaning to the recordings.

We have adopted a proper procedure for challenging the accuracy of an English language transcript of a conversation conducted in a foreign language. *United States v. Cruz*, 765 F.2d 1020, 1023 (11th Cir. 1985). The procedure has been delineated as follows:

> Initially, the district court and the parties should make an effort to produce an 'official' or 'stipulated' transcript, one which satisfies all sides. If such an 'official' transcript cannot be produced, then each side

should produce its own version of a transcript or its own version of the disputed portions. In addition, each side may put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version.

*Id*. "[T]ranscripts may be used as substantive evidence to aid the jury in determining the real issue presented, the content and meaning of the tape recording." *Id*. (citing *United States v. Onori*, 532 F.2d 938, 947 (5th Cir. 1976).

The district court did not abuse its discretion in admitting the English transcripts. The district court provided Montor-Torres with the opportunity to meet with interpreters and identify discrepancies, which could then be presented through cross-examination or witnesses. The district court also suggested that Montor-Torres play the tapes during his case-in-chief. Montor-Torres elected not to take advantage of either opportunity. Moreover, Montor-Torres failed to comply with the procedure set forth in *Cruz* by failing to produce "his own version of a transcript" or his own version of the disputed portions. *Cruz,* 765 F.2d at 1023. Like Cruz, Montor-Torres "cannot complain on appeal that the jury's fact-finding function was usurped when he failed to present evidence which would have aided the jurors in fulfilling that function." *Id.*

Montor-Torres has also failed to point to any authority requiring that the audiotapes be played contemporaneously with the reading of the transcripts.

4

Although *Cruz* cited favorably to the district court's playing of audio recordings, as well as the limiting instruction given as to the transcripts' use, these additional steps were not required in the delineated procedure. *Id.* Moreover, Montor-Torres was not entitled to a limiting instruction because, following the jury charge, Montor-Torres stated no other instructions were needed. *United States v. Smith*, 459 F.3d 1276, 1297 (11th Cir. 2006). Finally, with regard to Montor-Torres's "voice modulation" argument, he cannot show an error that is obvious and clear under current law. *See United States v. Humphrey*, 164 F.3d 585, 588 (11th Cir. 1999).[1]

## II.

Montor-Torres next argues the district court erred by denying his motion for a judgment of acquittal because the proof offered at trial was insufficient to establish his identity.

Identity can be established by inference and circumstantial evidence. *United States v. Cooper*, 733 F.2d 91, 92 (11th Cir. 1984). A speaker's voice may be identified by opinion testimony "based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." Fed. R. Evid.

[1] Because Montor-Torres raises his "voice modulation" argument for the first time on appeal, it is subject to plain error review. *See United States v. Naranjo*, 634 F.3d 1198, 1206-07 (11th Cir. 2011).

5

901(b)(5). Once a witness establishes familiarity with an identified voice, it is up to the jury to determine the weight to place on the witness's voice identification. *United States v. Cuesta*, 597 F.2d 903, 915 (5th Cir. 1979).

The district court did not err by denying Montor-Torres's motion for a judgment of acquittal as there was sufficient evidence elicited at trial to establish his identity.[2]  There was evidence presented that the voice of "Cacheton" and "Toloche" in the wiretapped phone calls matched the voice of Montor-Torres, including the same voice pattern.  Additional testimony confirmed that Cacheton and Toloche were the nicknames associated with Montor-Torres.

III.

Montor-Torres also contends the district court abused its discretion by denying his motion for a mistrial after interrupting and abbreviating counsel's closing argument.  He claims the court's interruption amounted to a deprivation of his right to the effective assistance of counsel.

The time allotted for closing arguments is within the sound discretion of the district court.  *United States v. Alonso*, 740 F.2d 862, 873 (11th Cir. 1984).  "The

---

[2]  We review a district court's denial of a motion for judgment of acquittal based on the sufficiency of the evidence *de novo*. *United States v. Friske*, 640 F.3d 1288, 1290 (11th Cir. 2011). We consider the evidence in the light most favorable to the government and will not overturn a conviction if any reasonable construction of the evidence supports the jury's verdict. *Id*. at 1291.

trial court abuses its discretion only when the judge's conduct strays from neutrality, and even then only when its remarks demonstrate pervasive bias and unfairness that actually prejudice a party." *United States v. Hill*, 643 F.3d 807, 845-46 (11th Cir. 2011) (quotations and alterations omitted).

The district court's interruption of Montor-Torres's closing argument, reminding counsel of the time, did not amount to prejudice of his substantial rights.[3] The comment "amount[s] to no more than [an] attemp[t] by the presiding judge to expedite the proceedings." *United States v. Hill*, 496 F.2d 201, 202 (5th Cir. 1974). Moreover, the record does not support Montor-Torres's contention that his closing argument was curtailed by the court's interruption. The court did not inform counsel that his closing argument needed to end and Montor-Torres's attorney never requested additional time to conclude his argument. Therefore, the district court did not abuse its discretion by denying his motion for a mistrial.

## IV.

Montor-Torres's final argument is that the district court erred by attributing more weight of cocaine to him at sentencing than was adduced by the evidence at

---

[3] "A mistrial should be granted if the defendant's substantial rights are prejudicially affected," which occurs "when there is a reasonable probability that, but for the remarks, the outcome of the trial would have been different." *United States v. Newsome*, 475 F.3d 1221, 1227 (11th Cir. 2007).

trial. He claims the proper offense level for sentencing purposes should have been 28, resulting in a guidelines range of 78–97 months.

As Montor-Torres cites to no case law in his brief, it is unclear whether he is challenging the sufficiency of the evidence of the cocaine weight itself or the district court's use of the jury's finding in calculating his base offense level. Under either analysis, there was no error by the district court, as there was sufficient evidence presented at trial to support the finding that Montor-Torres conspired to possess five or more kilograms of cocaine. *See United States v. Saunders*, 318 F.3d 1257, 1271 n. 22 (11th Cir. 2003) (noting that the findings of fact of the sentencing court may be based on evidence heard during trial). Moreover, the jury found that Montor-Torres was responsible for five or more kilograms of cocaine. *See United States v. Clay*, 355 F.3d 1281, 1285 (11th Cir. 2004) (noting the use of special verdicts is appropriate for addressing sentencing matters such as the quantity of drugs involved in an offense). Thus, the district court did not clearly err in sentencing Montor-Torres using a drug quantity of five or more kilograms.

## V.

Barajas first argues the district court erred by not granting a sentence reduction for acceptance of responsibility because he promptly gave a safety valve

interview.[4]  He contends he is still eligible for a reduction despite having proceeded to trial because he accepted responsibility before and during trial.

The acceptance of responsibility adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."  U.S.S.G. Manual § 3E1.1, cmt. n.2 (2010). In rare circumstances, a defendant who goes to trial may nevertheless clearly demonstrate an acceptance of responsibility for his criminal conduct, such as where the defendant goes to trial to assert and preserve constitutional or legal challenges that do not relate to factual guilt.  *Id*.

Here, Barajas went to trial and attempted to suppress his safety valve statement.  While Barajas contends he proceeded to trial to preserve the legal defense of duress, this defense was not presented until late in the trial.  Not until his closing argument, after arguing reasonable doubt and questioning his involvement in the conspiracy and the amount of evidence presented, did Barajas admit to transporting cocaine.  Under these circumstances, the district court did not clearly err by denying Barajas's request for a reduction.  *See United States v. Knight*, 562 F.3d 1314, 1328 (11th Cir. 2009) (noting that a district court does not

---

[4]  Barajas did receive a two-level safety valve reduction despite having gone to trial.

clearly err by denying a reduction where a defendant attempts to avoid a factual determination of guilt by challenging the evidence).

VI.

Barajas also argues the district court abused its discretion by failing to consider U.S.S.G. § 3B1.2 or his conduct in relation to the conduct of other members of the conspiracy. He contends this failure resulted in a greater than necessary sentence.

Barajas's request for a role reduction was made in the alternative to his initial objection to the amount of drugs attributed to him, which the court sustained. Because Barajas did not renew his request for a role reduction with respect to the newly determined drug quantity, there was no plain error on the part of the district court in not reducing Barajas's sentence further. *See United States v. Lewis*, 492 F.3d 1219, 1222 (11th Cir. 2007) (*en banc*). Moreover, the record shows the district court considered the § 3553(a) factors in imposing a within-guidelines range sentence.

**AFFIRMED.**