STATE OF CONNECTICUT *v.* FRANCES CARTER

STATE OF CONNECTICUT *v.* MARGARET HUDGINS

STATE OF CONNECTICUT *v.* ROSE M. SMITH

STATE OF CONNECTICUT *v.* GEORGE EDWARDS

STATE OF CONNECTICUT *v.* ERICKA HUGGINS

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued February 3—decided March 11, 1970

*David B. Salzman,* assistant state's attorney, for the state in each case.

*Catherine G. Roraback,* for the defendants in first, second and fifth cases.

*L. Scott Melville,* for the defendant in the third case.

*W. Paul Flynn,* for the defendant in the fourth case.

KING, C. J. Each of the present defendants was arrested and taken into custody on or about May 22, 1969, in New Haven, Connecticut, and on June 23, 1969, was indicted on a charge of aiding and abetting the crime of the murder, in the first degree, of Alex Rackley, in violation of §§ 53-9 and 54-196 of the General Statutes (Rev. to 1968), and also on a charge of kidnapping which resulted in the death of Rackley, in violation of § 53-27 of the General Statutes.

The charge of aiding and abetting the crime of murder in the first degree, as well as the kidnapping charge, is a crime the punishment for which might be death and, so, is a capital offense within the purview of § 8 of article first of the constitution of Connecticut (1965) which requires the setting of reasonable preconviction bail in all criminal prosecutions "except in capital offenses where the proof is evident or the presumption great".

Upon applications to the Superior Court, separately filed by each defendant, seeking admission to bail, a hearing was held on all the applications and evidence was received from the state on the issue of whether an individual accused fell within the exception as more particularly explained in *State* v. *Menillo,* 159 Conn. 264, 270, 268 A.2d 667. None of the defendants offered any evidence.

(a)

The court applied the test approved in the *Menillo* case and held that the state had sustained the burden of proving, in the case of each of the

defendants except Frances Carter, that the proof (of a capital offense) was evident and the presumption great.

Accordingly, bail was denied except in the case of Frances Carter, who was held entitled to bail. In her case, at a subsequent hearing, the amount of bail was fixed and the security approved, and she was released on bail.

The state applied for review of the decision in the *Carter* case under § 694 of the Practice Book. The state's claim that as matter of law bail was not permissible since this was a capital case and its further claim that the indictment was conclusive proof that each defendant fell within the exception disentitling him to bail is rejected on the grounds stated in the *Menillo* opinion.

The state admitted in oral argument that no one of the defendants was allowed in the grand jury room. There is no claim, of course, that any of the above-named defendants was not in custody and readily available within the jurisdiction at the time of the grand jury hearing.

For the reasons set forth in the *Menillo* case, under these circumstances the fact of the indictment for a capital offense could not be given sufficient evidential weight as to shift onto any one of the defendants the burden of going forward with evidence indicating that the proof was not evident and the presumption was not great.

Thus the court below was not in error in imposing on the state, as it did, both the burden of going forward with evidence and the risk of nonpersuasion on the issue, as to each defendant, that the proof was evident and the presumption great of commission of a capital offense.

While the state did not concede that its proof

was inadequate as to Frances Carter, it chose to confine its application for review of the bail order to the question of the burden of proof, on which, as hereinbefore stated, we find no error to have been committed.

## (b)

Each of the foregoing defendants, except Frances Carter, made application to this court for a review of the order denying bail, claiming that the evidence adduced by the state was inadequate to bring the accused within the exception disentitling him to bail.

Counsel for the defendants, and the state's attorney, in each case have summarized their claims as to the evidence at the bail hearing. We approve this procedure as being analogous to the appendix procedure used in the ordinary appeal from the denial of a motion to set aside a verdict as unsupported by the evidence, except that the state failed to make appropriate references to the transcript for support for its claims of proof. See Practice Book § 720.

While the evidence against certain of the foregoing defendants is stronger than that against others, we think it is adequate, if credited, to indicate that there is a fair likelihood that each of the foregoing defendants is in danger of being convicted of a capital offense. In order to avoid any possible prejudice to the state, or the defendants, as more particularly pointed out in the *Menillo* opinion, we refrain from any detailed discussion of the evidence in the several cases.

There is no error in the action of the Superior Court on any of the applications for bail.

In this opinion ALCORN, HOUSE and RYAN, Js., concurred.

Thim, J. (concurring). Because the opinion relies in part on *State* v. *Menillo,* 159 Conn. 264, 268 A.2d 667, and because emphasis is placed on the absence of the accused from the grand jury proceedings, I must concur in the result for the reasons expressed in my concurring opinion in *State* v. *Menillo,* supra.