**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**vs.**
**OMARI K. GORDON A/K/A "SMILEY", Defendant**

SX-10-CR-687

Superior Court of the Virgin Islands

Division of St. Croix

December 15, 2010

137

TOM W. SEDAR, ESQ., Department of Justice, St. Croix, USVI, *Attorney for Plaintiff.*

MARTIAL A. WEBSTER, ESQ., Law Offices of Martial A. Webster, Frederiksted, USVI, *Attorney for Defendant.*

WILLOCKS, *Judge*

## MEMORANDUM OPINION

(December 15, 2010)

**THIS MATTER** came before the Court for a Detention Hearing on December 3, 2010, on the issue of whether Defendant should be detained pending trial in the above-captioned matters.

## FACTS

On or about November 28, 2010, at approximately 6:47 p.m., a shooting took place in the vicinity of D. Hamilton Jackson Park, Estate Grove Place, Frederiksted, St. Croix, U.S. Virgin Islands, where Victim #1 and Victim #2 both sustained several gunshot wounds. At the crime scene, Victim #1, who was identified as Kendal Wood, appeared lifeless and was transported to Juan F. Luis Hospital; Kendal Wood was pronounced dead at 9:57 p.m. by the Emergency Room Physician on duty. Victim #2 was also transported to Juan F. Luis Hospital for medical treatment.

Defendant was arrested and charged with the crimes of Murder First Degree, Assault First Degree, Assault Third Degree, Reckless Endangerment First Degree, Unauthorized Possession of a Firearm, Unauthorized Possession of a Dangerous Weapon During the Commission of a Crime of Violence and Failure to Report Firearm Obtained Outside or Brought into the Virgin Islands in connection to the November 28, 2010 incident. On December 1, 2010, Defendant was

advised of his rights and probable cause was found for Defendant to be charged with the crimes of Murder First Degree, Assault First Degree, Assault Third Degree, Reckless Endangerment First Degree, Unauthorized Possession of a Firearm, Unauthorized Possession of a Dangerous Weapon During the Commission of a Crime of Violence and Failure to Report Firearm Obtained Outside or Brought into the Virgin Islands in connection to the November 28, 2010 incident. At the Advice of Rights Hearing, the People moved orally for a detention hearing.

## DISCUSSION

The Supreme Court of the Virgin Islands recently held that Section 3 of the Revised Organic Act of 1954 (hereinafter "ROA") governs "pretrial detention for defendants charged with first degree murder". *People v. Browne*, 50 V.I. 241, 258-59 (V.I. 2008). The Supreme Court of the Virgin Islands further held that "[o]nce a trial judge establishes that a defendant has been charged with first degree murder, the judge's next task is to determine from the facts before him whether the proof is evident (or presumption great) that the defendant committed first degree murder. A trial judge may detain a first degree murder defendant pending trial only if the judge finds in the affirmative." *Id.* (*citing* ROA, § 3).

The People have the burden to prove that the proof is evident or presumption is great that a defendant committed first degree murder before the defendant can justifiably be detained pending trial. *Id.* " '[T]he proof is evident or the presumption is great' evidentiary standard requires something more than probable cause but less than beyond a reasonable doubt. More specifically, *a trial judge must find clear and convincing evidence that the defendant committed the offense for which he is before the court* prior to detaining a first degree murder defendant pursuant to section 3 of the ROA." *Id.* at 263 (internal citation omitted) (emphasis added). Thus "a trial judge should focus on the strength of the evidence offered by the People rather than the ultimate guilt or innocence of the defendant." *Id.* (citation omitted).

On December 3, 2010, Defendant appeared before the Court for a Detention Hearing. At that hearing, the Court considered whether there is clear and convincing evidence that Defendant committed the act(s) of murder in the first degree, as articulated in the Supreme Court's decision in *Browne*. The Court is cognizant that the burden is on the People. This burden is a higher burden than probable cause but a lesser burden than

139

reasonable doubt. The People argue that Defendant is not entitled to release because there is clear and convincing evidence that Defendant committed murder in the first degree. At the Detention Hearing, the People called Detective Richard Matthews and Detective Kirk Fieulleteau to testify. They testified their accounts of what happened on or about November 28, 2010 based on their interviews with Defendant and various witnesses. According to Detective Kirk Fieulleteau's testimony, four witnesses (hereinafter, "Witness One", "Witness Two", "Witness Three" and "Witness Four") were present and identified "Smiley" as the shooter involved in the November 28, 2010 incident.[1] Detective Kirk Fieulleteau testified that Witness Two, Witness Three and Witness Four told him that, from where they were standing, nothing was obstructing their view of the incident.[2] Detective Kirk Fieulleteau further testified that Witness Two, Witness Three and Witness Four all said they know Smiley but no one was able to identify "Smiley" by his real name.[3] Defendant maintained that he is not the shooter involved in the November 28, 2010 incident; a statement of his alibi witness was presented to the Court.

 The Court finds that the People have failed to meet the clear and convincing evidence hurdle. At no point in time during the Detention Hearing was Detective Richard Matthews or Detective Kirk Fieulleteau asked if Mr. Omari Gordon a/k/a "Smiley" was present in the courtroom. Hence, there was no in-court identification of Defendant as the individual who committed the charged crimes. "Identification of the defendant as the person who committed the charged crime is always an essential clement which the government must establish beyond reasonable doubt."[4] *United States v. Henry*, 2007 U.S. Dist. LEXIS 47335, *8 (2007). The Court notes that the applicable standard for a Detention Hearing is "clear and convincing evidence" and no "beyond a reasonable doubt." Although this matter is before the Court for a Detention Hearing and not for trial, the

---

[1] Transcript of Detention Hearing at 61, *People of the Virgin Islands v. Omari K. Gordon a/k/a "Smiley"* (December 3, 2010).

[2] *Id.* at 72.

[3] *Id.* at 73.

[4] *United States v. Alexander*, 48 F.3d 1477, 1490 (9th Cir. 1995), *cert. denied*, 516 U.S. 878, 116 S. Ct. 210, 133 L. Ed. 2d 142 (1995) (*citing United States v. Telfaire*, 469 F.2d 552, 555, 152 U.S. App. D.C. 146 (D.C.Cir. 1972)); *see also United States v. Wilford*, 493 F.2d 730, 735 (3d Cir 1974) (*citing Telfaire*, 469 F.2d at 555); *United States v. Barber*, 442 F.2d 517 (3d Cir. 1971).

identification of the defendant is still an essential element and therefore should be addressed.

The Court is mindful that some courts have held that "[A] witness need not physically point out a defendant so long as the evidence is sufficient to permit the inference that the person on trial was the person who committed the crime." *Id.* (*citing United States v. Taylor*, 900 F.2d 779, 782 (4th Cir. 1990)); *see also United States v. Weed*, 689 F.2d 752, 755 (7th Cir. 1982). The Court is also mindful that recently, some courts have concluded that "the failure of any . . . witnesses to point out that the wrong man had been brought to trial [can be] eloquent and sufficient proof of identity." *Id.* 2007 U.S. Dist. LEXIS 47335, at *15 (*citing Alexander*, 48 F.3d at 1490; *Weed*, 689 F.2d at 755; *United States v. Dupre*, 2004 U.S. Dist. LEXIS 25331, *11 (S.D.N.Y. 2004) (noting that, "if witnesses who have met the defendant and could potentially identify her in court fail to point out that the wrong person has been brought to trial, this can constitute 'eloquent and sufficient proof of identity.' ")). While *Henry* addressed the question whether there is sufficient affirmative evidence linking defendant to the person referred to in the witness testimony, the court never addressed the issue whether, without more, the failure of any witnesses to point out that the wrong man had been brought to trial would be sufficient to meet the government's burden of proof. *Id.* Unlike *Henry*, where the court stated that the identity of defendant could be inferred from all the facts and circumstances that were evidence in trial, the Court does not find clear and convincing evidence here to permit the inference that Defendant is the individual who committed the charged crimes.

As the Court noted above, the hurdle for the People to pass is "clear and convincing evidence" rather than "beyond a reasonable doubt" since this matter is before the Court for a Detention Hearing. However, even at this lesser burden, the Court finds that the People have failed to meet its burden — there is no clear and convincing evidence establishing a nexus between Defendant and the shooter involved in the November 28, 2010 incident. As a result of this finding, the Court does not find an analysis of the evidence under *Browne* and *Williams*[5] necessary at this juncture.

---

[5] *People v. Williams*, 53 V.I. 514 (2010).

## CONCLUSION

The Court finds that, under the standard articulated in *Browne* and *Williams*, the People failed to present clear and convincing evidence that Defendant committed the crime of murder in the first degree. Therefore, the Court will deny the People's Motion for Detention.